United States District Court
District of Massachusetts

| | |
|---|---|
| Derek Thomas, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 19-11982-NMG |
| Stephen Spaulding, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM & ORDER

GORTON, J.

Plaintiff Derek Thomas ("Thomas" or "plaintiff"), appearing pro se, seeks a preliminary injunction (1) directing 23 employees of the Bureau of Prison ("defendants") to provide him with trauma treatment and (2) barring defendants from transferring him or otherwise retaliating against him for filing the instant law suit.

The issuance of preliminary injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)). The moving party must establish (1) a reasonable likelihood of success on the merits, (2) the potential for irreparable harm if

the injunction is withheld, (3) a favorable balance of hardships and (4) a consideration of the effect on the public interest. <u>Jean</u> v. <u>Mass. State Police</u>, 492 F.3d 24, 26-27 (1st Cir. 2007). Out of these factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." <u>Coquico, Inc.</u> v. <u>Rodriguez-Miranda</u>, 562 F.3d 62, 66 (1st Cir. 2009).

Accepting plaintiffs' allegations as true, the Court finds that he has not demonstrated entitlement to injunctive relief. With respect to his claim regarding the lack of trauma care, Thomas provides no argument in support of his contention that he has been denied necessary medical services. Consequently, he has failed to demonstrate the requisite "deliberate indifference" to a "serious" medical need necessary to succeed on the merits. <u>See, e.g.</u>, <u>DesRosiers</u> v. <u>Moran</u>, 949 F.2d 15, 18 (1st Cir. 1991).

As to his request that defendants be enjoined from retaliating against him, Thomas offers mere speculation of retaliatory conduct by defendants which is insufficient to establish a potential for irreparable harm. <u>See, e.g.</u>, <u>MA Coal. of Citizens with Disabilities</u> v. <u>Civil Def. Agency & Office of Emergency Preparedness of MA</u>, 649 F.2d 71, 74 (1st Cir. 1981).

Accordingly, plaintiff has failed to demonstrate that he is entitled to injunctive relief.

**ORDER**

For the foregoing reasons, the motion of Derek Thomas for a preliminary injunction (Docket No. 17) is **DENIED**.

So ordered.

_____
Nathaniel M. Gorton
United States District Judge

Dated Aug 4, 2020