United States District Court
District of Massachusetts

|  |  |
|---|---|
| Derek Thomas, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>Stephen Spaulding, et al., )<br>)<br>    Defendants. )<br>) | Civil Action No.<br>19-11982-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the complaint filed by Derek Thomas ("Thomas" or "plaintiff") against 23 employees of the Bureau of Prisons ("BOP") who work at four separate federal facilities. Thomas brings claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), alleging violations of his First, Fifth, Eighth and Fourteenth Amendment rights resulting from defendants' purported failure to protect him and to provide him with adequate care and for retaliating against him for filing grievances.

Pending before the Court are 1) defendants' motion for a more definite statement, 2) the motion of defendants Stephen Spaulding, Dave Taylor, Daniel Quist, Scott Murray, Kimo

- 1 -

Elraheb, Patricia Ruze, Kelly Fricker and Paul Anderson ("the Massachusetts Defendants") to dismiss the complaint; 3) the motion of defendants Jamie Baker, J.R. Bell, Jacqueline Carmichael, Erin Conner, Gabriel DeZayas, Tracy Joslyn, Christina Morley, Karl Norris, Corey Pointer and Matthew Worthington ("the Foreign Defendants") to dismiss the complaint; 4) the Foreign Defendants' amended motion to dismiss the complaint; and 5) plaintiff's motion for leave to file an amended complaint.

All of the pending motions were referred to United States Magistrate Judge Katherine A. Robertson and, on March 3, 2021, she entered a Report and Recommendation ("R&R") recommending that the Court 1) allow plaintiff's motion for leave to file an amended complaint; 2) deny defendants' motion for a more definite statement; 3) deny the Foreign Defendants' motions to dismiss; 4) allow the Massachusetts Defendants' motion to dismiss; and 5) consider transferring the claims against the Foreign Defendants to the Southern District of Indiana. Only the Foreign Defendants filed an objection to the R&R.

On March 29, 2021, the Court received a letter from Thomas in which he claims that he did not receive a copy of the R&R and requests additional time to file an objection. The Court will

allow him such additional time to respond but, nevertheless, will make rulings on some of the pending motions because they will not be affected by plaintiff's forthcoming objection.

The facts and procedural history are provided in detail in the R&R with which the Court assumes familiarity.

I.   **Objection to the Report and Recommendation**

When a district judge refers a dispositive motion to a magistrate judge for recommended disposition, it must determine de novo any part of the magistrate judge's disposition to which an objection has been properly registered. Fed. R. Civ. P. 72(b)(3).

In this case, the Foreign Defendants first object to the recommendation of the magistrate judge that the Court deny their motion to dismiss.  Specifically, they object to the finding that they waived their defenses of lack of personal jurisdiction and insufficient service of process and urge the Court to allow their motion to dismiss based upon the application of those defenses.

Plaintiff has failed to establish that this Court has personal jurisdiction over any of the Foreign Defendants.  Based on the complaint, the United States District Court for the Southern District of Indiana appears to have personal

jurisdiction over most of the Foreign Defendants because plaintiff's allegations against them arise out of events that occurred at FCI Terre Haute in Indiana.  Although the Court is unconvinced that the Foreign Defendants waived their defenses under Fed. R. Civ. P. 12(b)(2) and 12(b)(5), that issue need not be decided at this time because the Court will accept the joint recommendation of Magistrate Judge Robertson and the Foreign Defendants to transfer the claims against the Foreign Defendants to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

   Section 1404(a) provides that a district court may

   > [f]or the convenience of parties and witnesses, in the
   > interest of justice, transfer any civil action to any other
   > district or division where it might have been brought . . ..

28 U.S.C. § 1404(a).  Here, plaintiff could have originally filed the instant action in the Southern District of Indiana and, because the claims may now be time-barred by the Indiana statute of limitations if they were to be dismissed and re-filed, it is in the interest of justice that the serious claims against the Foreign Defendants be transferred rather than dismissed.

   Accordingly, all claims against the Foreign Defendants will be transferred to the Southern District of Indiana, where a

judge in that district may consider the pending motion to dismiss.[1] The Court acknowledges the difficulty that the incarcerated plaintiff, proceeding pro se, will experience in litigating this case in Indiana but deems such a transfer preferable to the dismissal of his claims against the Foreign Defendants for lack of personal jurisdiction.

The Foreign Defendants also object to the recommendation of the magistrate judge that their motion for a more definite statement be denied. The Court will, nevertheless, accept the recommendation of Magistrate Judge Robertson to deny the motion for a more definite statement without prejudice for the reasons stated in the R&R. In light of the Court's decision to allow Thomas the opportunity to amend his pleadings and to transfer the case pursuant to 28 U.S.C. § 1404(a), the Foreign Defendants may seek relief in the Southern District of Indiana after plaintiff has filed his amended complaint.

With respect to the Massachusetts Defendants, the Court finds that it premature to rule on the magistrate judge's recommendation that their motion to dismiss be allowed. If Thomas did not, in fact, receive a copy of the R&R, which claim

---

[1] Defendant DeZayas appears to have no significant connection to the Southern District of Indiana but the Court agrees with the magistrate judge that he can assert his defenses to plaintiff's claims against him in that district.

the Court accepts under the circumstances, he will be afforded sufficient time to review the R&R and file an objection if he so chooses. Accordingly, the Court will direct that an additional copy of the R&R to be sent to Thomas at FMC Devens and will defer consideration of the R&R with respect to the motion of the Massachusetts Defendants.

**ORDER**

For the foregoing reasons,

a) the Foreign Defendants' objection to the Report and Recommendation ("R&R") (Docket No. 122) is, with respect to the request for transfer, **SUSTAINED**, but otherwise **OVERRULED**;

b) the Clerk of Court is directed 1) to **SEND** forthwith another copy of the R&R to the pro se plaintiff and 2) to **TRANSFER** all claims against defendants Jamie Baker, J.R. Bell, Jacqueline Carmichael, Erin Conner, Gabriel DeZayas, Tracy Joslyn, Christina Morley, Karl Norris, Corey Pointer and Matthew Worthington to the United States District Court for the Southern District of Indiana for assignment to a judge of that court to consider their motions to dismiss the complaint (Docket Nos. 83 and 105);

    c)    the Court will **DEFER** consideration of the motion to dismiss of the defendants Stephen Spaulding, Dave Taylor, Daniel Quist, Scott Murray, Kimo Elraheb, Patricia Ruze, Kelly Fricker and Paul Anderson (the Massachusetts Defendants) (Docket No. 85) until Friday, April 30, 2021, on or before which plaintiff shall file his objection to the R&R, if any; and

    d)    the R&R (Docket No. 120) is otherwise **ACCEPTED** and **ADOPTED**.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 30, 2021